BLUE, Judge.
A.P., a child, appeals his adjudication of delinquency and disposition. A.P. argues that the trial court erred in denying an opportunity for him and his mother to be heard prior to disposition. We agree and reverse.
A.P. entered a plea of no contest to carrying a weapon on school property. At the disposition hearing, A.P.’s attorney stated that the child and his mother were present to explain the circumstances to the court. The trial court refused to allow the child or his mother to speak and placed A.P. on community control.
We concede, considering the serious nature of the charges, that nothing the child or his parent had to say would have affected the trial court’s disposition. As in this case, however, a juvenile proceeding is often the first experience with the court system. We believe it is an opportunity to create a lasting impression of fair and impartial justice. This is best achieved by allowing the parties to the proceeding to be heard, and this is what the law requires.
Section 39.052(3)(c)(4), Florida Statutes (1993), provides that, prior to determining and announcing the disposition, a trial court shall give parties, including the parents, “an opportunity to comment on the issue of disposition and any proposed rehabilitative plan.” A trial court’s refusal to allow the child or child’s parents to address the court, as provided by this section, constitutes reversible error. See, e.g., T.H. v. State, 573 So.2d 1090 (Fla: 5th DCA1991).
Accordingly, we affirm the order of adjudication but reverse the order of commitment. On remand, the trial court shall conduct a new disposition hearing at which time A.P. and his mother shall be allowed to address the court in accordance with the statute.
CAMPBELL, A.C.J., and WHATLEY, J., concur.