902 So.2d 333 (2005)
B.R., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-1593.
District Court of Appeal of Florida, Fifth District.
May 27, 2005.
*334 James S. Purdy, Public Defender, and Rose M. Levering, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Rock McGuigan, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
B.R. appeals his withhold of adjudication and sanction for criminal mischief. He argues that the trial court erred in refusing to allow his mother to testify at the disposition hearing and in giving him a vindictive sanction. B.R. is correct on both counts. The trial court reversibly erred by failing to allow B.R.'s mother to testify at the disposition hearing and the judge's statements before and after trial clearly indicate that he was attempting to discourage B.R. from going to trial and asserting his innocence. We therefore reverse and remand for a new disposition hearing before a different judge.
At the outset of the adjudicatory hearing, the following colloquy occurred:
THE COURT: I'm looking at this police report. Do you have these three witnesses?
[PROSECUTOR]: Yes, sir, I do.
THE COURT: AndAnd unless we've got two blind people here that are witnesses, I'm justI'm going to let y'all know that the Court sanctions are going to be a lot tougher if we are forced to go to trial when it's an obvious case, than they would be if you would comeif you step forward and admit you just made a mistake, if you did. So y'all talk about it for a minute and get back to me here. Okay?
(Emphasis added). Despite this warning, B.R. chose to proceed with trial, where two boys testified that they saw him scratch the assistant principal's car in the school parking lot. B.R. took the stand and denied the allegations. At the conclusion of the testimony, the court stated:
[B.R.], it's the Court's judgment that you're guilty of this charge and I don't think there is any doubt about it. I'm really disappointed that I have to listen to this kind of eyewitness testimony that makes it very clear to this Court thatthat (Inaudible) leads me to the conclusion that you're just not being truthful about it, for whatever reason. And I'm more than just disappointed because you have a lot of potential, you know, you're a good athlete, it's my understanding you're trying to get your grades up, and they are coming back up. And you want to get back in football, and I admire those things in you. But I don't admire the fact that you have taken up this Court's time, when this case could have been resolved appropriately andHowever, I'm not going to remand you today. I think that may not serve a useful purpose at this time.
....

*335 And in the meantime, it would be very helpful to you and helpful to me, and helpful to you (Inaudible) if you could have a clearer recollection when I see you. It would really help a lot. Okay? Thank you very much.
(Emphasis added).
At the disposition hearing, the following colloquy occurred:
[PROSECUTOR]: And we'd also be requesting (Inaudible) that he be placed in probation in some fashion. It can't just be a judicial warning and SWEAT, it's not even permissible.
THE COURT: You know what bothers me in this case, young man? I'm willing toI'm willing to be reasonable at sentencing here today, but you would make it so much easierso much easier for me to be reasonable if you could just accept the fact and acknowledge to me that you were involved in this case. You won't do that, will you?
[B.R.'s MOTHER]: Your Honor, may I speak?
THE COURT: I'm not going to try the case again. I was just hoping that he would step forward. It was clear to me, manifestly clear to me in the trial, that he was involved. And I have to assume that he was involved. And I know that you, as his mother, support his contention that he wasn't involved. And so many times people feel so much better when they come before me and they say, Judge, I made a mistake and I'm willing to pay for it. And you know, it makes it a lot easier for me to be reasonable. And I can't do that here. I'm not going to be unreasonable, I'm simply going to give him a sentence for the offense that he committed. But it doesn't sit well with me.
(Emphasis added). The court withheld adjudication of guilt and placed B.R. on one year probation. B.R. was ordered to complete Operation Right Track, perform 30 hours of community service, write a letter of apology to the victim and pay restitution.
Section 985.23(1)(d), Florida Statutes (2004), requires that before a court determines and announces a disposition, it shall "give all parties present at the hearing an opportunity to comment on the issue of disposition and any proposed rehabilitative plan. Parties to the case shall include the parents, legal custodians, or guardians of the child...." This Court has repeatedly held that a trial court's failure to allow a child's parents to testify at a disposition hearing constitutes reversible error. See K.R. v. State, 584 So.2d 1132 (Fla. 5th DCA 1991); T.H. v. State, 573 So.2d 1090, 1091 (Fla. 5th DCA 1991); see also A.P. v. State, 666 So.2d 211 (Fla. 2d DCA 1995).
In addition to preventing B.R.'s mother from speaking at disposition, the trial court erred by making statements which discouraged B.R's rights not to plead guilty and to maintain his innocence at trial. A.S. v. State, 667 So.2d 994, 995-96 (Fla. 3d DCA 1996). In A.S., the trial court "made it abundantly clear on the record that its disposition of this case was significantly influenced by A.S.'s continued protestation of innocence to the court." The Third District Court of Appeal reversed and remanded for a new disposition hearing before a different judge. While the court agreed with the State that other factors also influenced the court's sentence, the appellate court held that the defendant's choice of plea should never have been a factor in the sentence.
Like A.S., the record in this case makes it abundantly clear that the trial court in this case was displeased with B.R. for maintaining his innocence in light of eyewitness testimony and for wasting the *336 court's time in going to trial. Although the State correctly argues that probation was an appropriate disposition in this case, the court's improper statements in the record require that a new disposition hearing be held before a different judge. A.S.
Accordingly, we reverse the order of the trial court and remand for a new disposition hearing before a different judge.
REVERSED and REMANDED.
GRIFFIN, J., concurs.
PETERSON, J., concurs in result only.